IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JANET WINSLOW PETERSON and<br>LINDA WINSLOW LAMBRIGHT, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civil Action No. 11-6115-CV-SJ-ODS |
| DISCOVER PROPERTY &<br>CASUALTY INSURANCE COMPANY, | )<br>)<br>) | |
| Defendant. | ) | |

**ORDER AND OPINION GRANTING PLAINTIFFS' MOTION TO REMAND**

Plaintiffs, citizens of Missouri, have filed suit against an insurance company that is incorporated in Minnesota and has its principal place of business in Minnesota. Defendant removed the case based on diversity of citizenship. Plaintiffs have filed a Motion to Remand. Plaintiffs do not contend there is an insufficient amount in controversy, but argue this is a "direct action" against an insurance company, so Defendant is to be treated as a citizen of Missouri pursuant to 28 U.S.C. §1332(c)(1). They also contend the Missouri Highway Transportation Commission (MHTC) is a required party under Mo. Rev. Stat. § 379.200 (even though they failed to name it as a defendant). Plaintiffs' motion for remand (Doc. #11) is granted.

**I.  Background**

On or about September 23, 2007, an automobile accident occurred in Buchanan County, Missouri, that took the life of one individual and caused injury to another. Plaintiffs brought a wrongful death claim and a personal injury claim against MHTC and others, who are not a party to this action. MHTC was insured under a policy issued to

1

Progressive Contractors, Inc. by Defendant. The policy insured against loss or damage on account of bodily injury, death, or property damage. Plaintiffs alleged the accident was directly caused by the negligence of MHTC and the other named defendants. Defendant did not provide assistance to MHTC in defense of the claims.

On July 1, 2011, Plaintiffs and MHTC entered into a settlement agreement regarding the claims. Recovery of funds under the settlement is contingent on the ability of MHTC to recover proceeds under the insurance policy. The final judgment against MHTC was entered on September 30, 2011. The judgment has not yet been satisfied.

Plaintiffs brought suit based on Missouri statute § 379.200. The statute allows a prevailing party in a tort claim to proceed in equity against the tortfeasor and the tortfeasor's insurer to collect satisfaction of the judgment. Enacted in 1925, the statute provides another form of relief for individuals who are unable to collect judgments directly from insolvent, but insured tortfeasors. *Lancaster v. Am. & Foreign Ins. Co.*, 272 F.3d 1059, 1062-63 (8th Cir. 2001).

Congress later passed 1332(c)(1); the relevant portion of which provides that

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen.

**II.    Discussion**

A.    <u>Direct Action</u>

"'Direct action' is a term of art, and an understanding of that term demonstrates that this is not a direct action within the meaning of the statute." *Bucey v. Wash. Nat'l Life Ins. Co.*, No. 06-0139-CV-W-ODS, 2006 WL 1495077 (W.D.Mo. May 24, 2006). A

review of congressional history shows the federal law was passed in response to statutes in Louisiana and Wisconsin that allowed a party to directly sue the insurer of the tortfeasor for the tortfeasor's negligence, without first bringing a claim against the tortfeasor. *Home Indemnity Co. v. Moore*, 499 F.2d 1202, 1205 (8th Cir. 1974); *see also Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir. 1974); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979).

While Plaintiffs are suing an insurance company directly, the suit does not allege the insured's negligence. Under the Missouri statute, an action brought against an insurer functions to collect on an already-decided claim of negligence against the tortfeasor. The issues prompting enactment of 1332(c)(1) do not apply. Consequently, this is not a "direct action" as the phrase applies under 1332(c)(1) and Defendant is therefore not deemed to be a citizen of Missouri.[1]

B.  Joinder of the Insured

Missouri's statute reads, "the judgment creditor may proceed in equity against the defendant and the insurance company. . . ." MO. REV. STAT. § 379.200. The "plain statutory command" of the statute requires joinder of the tortfeasor. *Glover*, 984 F.2d at 261; *see also Kendall*, 2009 WL 2632757 at *2; *State Farm Fire & Cas. Co. v. Brown*, No. 10-00520-CV-W-DGK, 2010 WL 4362858 at *2 (W.D.Mo. Oct. 27, 2010); *Haines v. Sentinel Ins. Co.*, No. 08-00981-CV-W-FJG, 2009 WL 648894 (W.D.Mo. Mar. 11, 2009).

---

[1] Other judges on this court have held differently. *See Vill. at Deer Creek Homeowners Ass'n v. State Auto. Ins. Co.*, No. 4:11-CV-339-NKL, 2011 WL 2681229 (W.D.Mo. July 8, 2011) (citing *Lancaster v. Am. & Foreign Ins. Co.,* 272 F.3d 1059, 1066 (8th. Cir. 2001)); *Kendall v. N. Assurance Co. of Am.*, No. 09-0539-CV-W-GAF, 2009 WL 2632757 (W.D.Mo. Aug. 25, 2009) (citing *Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 261 (8th Cir. 1993)). However, for the reasons stated above, and consistent with previous opinions from this division, the Plaintiffs' argument is denied. *See also Bucey*, 2006 WL 1495077 at *1.

3

Here, Plaintiffs are citizens of Missouri, as is the tortfeasor, the Missouri Highway Transportation Commission. While MHTC has not been joined, they must be – which will destroy diversity. The prudent course is to recognize that MHTC should have been, and must be, joined, and simply remand the case. Plaintiffs' motion to remand is granted.

IT IS SO ORDERED.

DATE: March 6, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

4